STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEFFREY DALE BLACKWELL, Defendant-Appellant
No. 28277
Intermediate Court of Appeals of Hawaii.
June 10, 2008.
Okechukwu K. Amadi, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J. Foley and Nakamura, JJ.)
Defendant-Appellant Jeffrey Dale Blackwell (Blackwell) appeals from the Judgment entered in the District Court of the First Circuit, Ewa Division (district court),[1] on October 25, 2006.
Blackwell was orally charged with "operating a vehicle in reckless disregard of the safety of persons or property" in violation of Hawaii Revised Statutes (HRS) § 291-2 (2007).[2] The charge stemmed from a July 25, 2006 incident in which Blackwell was allegedly speeding, tailgating, and erratically changing lanes while driving on a freeway. After a bench trial, the district court found Blackwell guilty as charged, and sentenced him to pay a $500 fine, a $30 Criminal Injuries Compensation Fee, and a $7 driver education assessment.
Blackwell raises the following point of error on appeal: "There was insufficient evidence to support a conviction for the offense of reckless driving."
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Blackwell's point of error as follows:
Considering the evidence in the light most favorable to the State of Hawai'i, State v. Richie, 88 Hawaii 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence that Blackwell's conduct put the other persons and property on the freeway at "substantial and unjustifiable risk." HRS 702-206(3) (1993). Honolulu police officer Kevin Tanita (Officer Tanita) testified that when he first observed Blackwell on the freeway, Blackwell was driving faster than the other cars on the road, changing lanes "very erratically and very rapidly, and on several occasions, [drove] right behind [a] vehicle, and as soon as a gap would open, [Blackwell would] change lanes to another lane." Blackwell eventually pulled up behind Officer Tanita's unmarked vehicle and followed it so closely that Officer Tanita "couldn't see the bumper of [Blackwell's] vehicle." "About ten seconds" later, Blackwell passed Officer Tanita and accelerated away from him at approximately 85 miles per hour, which was 30 miles per hour above the speed limit. When these actions are considered in their totality, State v. Agard, 113 Hawai`i 321, 328-29, 151 P.3d 802, 809-10 (2007), there was substantial evidence that Blackwell's conduct constituted a "substantial and unjustifiable risk" to the safety of others and property. HRS § 702-206(3).
There was also substantial evidence that Blackwell consciously disregarded this risk, and that his disregard of the risk constituted "a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS 702-206(3)(d); see Agard, 113 Hawaii at 329, 151 P.3d at 810. Officer Tanita testified that there were clearly marked and unobstructed speed limit signs along the freeway, and that Blackwell was traveling faster than the surrounding traffic. Moreover, Blackwell's actions in pulling up close behind vehicles and then abruptly changing lanes when there was a gap in traffic reflect an awareness of his proximity to the vehicles around him. Blackwell's testimony that he was "trying to get to an appointment" for which he was late supports the inference that Blackwell made a conscious decision to drive aggressively.
Accordingly, the Judgment entered by the District Court of the First Circuit, Ewa Division, on October 25, 2006 is hereby affirmed.
NOTES
[1] The Honorable Paula Devens presided.
[2] HRS § 291-2 states:

Reckless driving of vehicle or riding of animals; penalty. Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.